# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**JACOB CAMPBELL,**
**# 25174**                                                                                           **PETITIONER**

**VS.**                          **No. 3:23-CV-00035-LPR-ERE**

**KEVIN MOLDER, Sheriff,**
**Poinsett County, Arkansas**                                                        **RESPONDENT**

## RECOMMENDED DISPOSITION

### I.   PROCEDURE FOR FILING OBJECTIONS

This Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file objections if you disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and include the factual or legal basis for the objection.

Objections must be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact, and Judge Rudofsky can adopt this Recommendation without independently reviewing the record.

### II.   DISCUSSION

On February 6, 2023, Jacob Campbell, then a detainee at the Poinsett County Detention Center, filed a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. *Doc. 1*. Mr. Campbell failed to submit the filing fee or request to proceed *in forma pauperis* ("IFP") with his petition.

By Order entered February 10, the Court instructed the Clerk to mail Mr. Campbell a blank IFP affidavit and application and ordered Mr. Campbell to either file the completed application *or* pay the $5.00 filing fee on or before March 12, 2023. *Doc. 2*. The Court advised Mr. Campbell of his obligations as a *pro se* litigant under Local Rule 5.5(c)(2) and cautioned him that his failure to timely comply with the Order would cause this action to be dismissed, without prejudice to refiling.

Mr. Campbell has failed to comply with the Court's February 10 Order. In addition, on February 27, March 13, and April 4, 2023, mail sent to Mr. Campbell from the Court was returned as undeliverable with the notation "not at this address." *Docs. 3, 4, 6*. Because Mr. Campbell has failed to inform the Court of his current address as required by Local Rule 5.5.(c)(2), the Court has no way to communicate with him regarding this case.

Mr. Campbell's § 2254 petition should be dismissed without prejudice due to his failure to comply with the Court's Order and Local Rules and to prosecute his claims. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (affirming the inherent authority of a federal district court to dismiss *sua sponte* for lack of prosecution).

## III. CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1. Mr. Campbell's § 2254 petition for a writ of habeas corpus (*Doc. 1*) be DISMISSED WITHOUT PREJUDICE.

2. A Certificate of Appealability ("COA") be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.[1]

DATED this 14th day of April, 2023.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] The COA should be denied because Mr. Campbell cannot show that reasonable jurists could debate whether his claims should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *See Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003).